UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| In Re: | Case No.: 04-23460 |
| | (Chapter 13) |
| EILEEN FAGAN | |
| | Assigned to: |
| Debtor. | Hon. ADLAI S. HARDIN |
| | Bankruptcy Judge |

_____

## REPLY AFFIRTMATION IN SUPPORT OF SECURED CREDITOR'S MOTION TO TERMINATE THE AUTOMATIC STAY

Dennis Jose, Esq., being duly sworn deposes and says:

1.      I am an attorney licensed to practice law in the courts of this State and in the United States Bankruptcy Court for the Southern District of New York.  I am regularly associated with Steven J. Baum, PC, attorney(s) for DAUTSCHE BANK TRUSTE COMPANY AMERICA'S F/K/A BANKERS TRUSTE COMPANY, AS TRUSTEE c/o HOMECOMING FINANCIAL, LLC ( the "Secured Creditor") a Secured Creditor to the above-captioned debtor, Eileen Fagan (the "Debtor").

## STANDING

2.      The Secured Creditor derives its standing by being a holder by assignment of a Mortgage dated October 9, 2001 secured by real property commonly known as 16 Brewster Ave, Stony Point, NY 10980 (the "Premises"), of which the above-captioned Debtor is the record owner.  Attached hereto as **"Exhibit A"** is a copy of said Mortgage and the Adjustable Rate Rider (the "Loan Documents").  On its face, the Adjustable Rate Rider clearly sets forth a variable interest loan.  *See* Exhibit A, Page 15.

## BACKGROUND

3.      The instant Affirmation is submitted in reply to the Debtor's opposition (the "Opposition") to the Secured Creditor's motion (the "Motion") dated June 1, 2007 seeking relief from the automatic stay.  Said Motion was inadvertently accompanied by the wrong affidavit in support of a representative of the Secured Creditor (the "Affidavit").  However, the Secured Creditor filed and served the correct Affidavit on June 8, 2007 and said Affidavit is attached hereto as **"Exhibit B."**

4.      The Debtor filed the instant chapter 13 bankruptcy case on September 21, 2004.   Therefore her first mortgage payment would become due for the month of October, 2004.  Attached hereto as **"Exhibit C"** is a copy of the Debtor's post-petition payment history that shows all payments received by the Secured Creditor post-petition.

5.      As is clear from the Loan Documents, the Debtor signed on to a variable interest obligation.  The variable interest on the loan will naturally result in changed mortgage payments during the course its repayment.  The Secure Creditor has judiciously advised the Debtor of changes in her interest rate and their impact on her mortgage payment by periodic correspondences.   Attached hereto as **"Exhibit D"** are copies of such correspondences sent by the secured creditor arranged with the most recent one first.

6.      Another variable in the mortgage payment would be funds that are charged to the Debtor as contribution to her escrow account that is maintained for escrow expenses such as tax and insurance.   As is common knowledge to any American who is a homeowner, such escrow amounts periodically change.  In the case at hand, the Secured Creditor sent escrow analysis statements to the Debtor, and attached hereto as **"Exhibit E,"** arranged with the most recent one first, are copies of such statements that were sent post-petition.

## RESPONSE TO THE DEBTOR'S OPPOSITION

### A.      All payment devises attached by the Debtor in her opposition are accounted for in the Secured Creditor's payment history

7.      The Debtor is of the opinion that she has made all payments post-petition and attaches proofs of payment in support of her opinion.  The payment devises attached by the Debtor are all accounted for in the payment history provided by the Secured Creditor.  In the interest of clarity, the below tabulation cites each and every payment devise provided by the Debtor and shows the corresponding entry on the Payment History.

| Check No. | Date on check | Amount | Corresponding date of receipt | Amount |
|-----------|---------------|--------|-------------------------------|--------|
| 1778 | 12/19/2005 | $3600.00 | 12/27/05 | $3600.00 |
| 1803 | 04/16/06 | $3800.00 | 04/28/06 | $3800.00 |
| 1804 | 05/2406 | $3800.00 | 06/02/06 | $3800.00 |
| 1861 | 12/27/06 | $4050.00 | 01/05/07 | $4050.00 |
| 1812 | 01/24/07 | $4200.00 | 02/06/07 | $4200.00 |

**B.**     **The adjustable interest rate loan is one that the Debtor presumably the result of a bargained for exchange**

8.     The Debtor states in her Opposition that the she is being "ripped off" by her adjustable interest mortgage when the "average interest rate is 6-7% in the mortgage market."  *See* Debtor's Opposition, Para 6.  It is respectfully submitted that the Debtor's allegation of being "ripped off" is not a defense to the Secured Creditor's Motion.  Furthermore, the Debtor chose to sign on to the instant adjustable interest rate loan on her own free will, and presumably after taking into consideration the other options available to her in the Mortgage market.

**C.**     **The Secured Creditor has presented a clear accounting of monies received from the Debtor**

10.     The Debtor alleges that ""[t]hey took my money that they wrongfully held "in suspense" and they cannot explain where the money went.""  It is respectfully submitted that it is typical and desirable practice in the mortgage servicing industry to apply mortgage payments to a "suspense account" when said payments are not sufficient to pay a mortgage payment.  The typical and desirable nature of suspense accounting can be illustrated by a directive issued by a well know actor in the mortgage servicing industry such as Freddie Mac which is attached hereto as **"Exhibit F,"** and is available in the public domain.   Said document, under the heading "Process Payments Correctly" provides parameters for maintaining suspense accounts.

11.     In practice, a suspense account is used when funds come in from a mortgagor that is insufficient to make a complete mortgage payment.  Such funds are credited to a suspense account.  When said suspense account has a credit balance sufficient to make a mortgage payment they are withdrawn and applied to the mortgage payment that is due as of the date of application.   Furthermore, in the instant case, such suspense accounting is clearly provided for in the terms of the Debtor's Mortgage. *See* Exhibit A, Mortgage, Page 4, Heading "COVENANTS."

12.     In keeping with such typical and desirable accounting practices within the mortgage servicing industry, and the terms of the Mortgage, the Secured Creditor applied all payments received from the Debtor.  It is clear from Exhibits D and E that the Debtor had clear notice of the changes in her mortgage payments.

Furthermore, it is also clear from the payment history that the Debtor did not always make payments with the exact funds due to pay monthly mortgage payments. This in turn resulted in clear and discernable suspense account activity and the eventual result was that as of the Date of the Motion, the Debtor was due for the Months of February 2007 through May 2007 and the Month of June 2007 had become due.

        **WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:    June 13, 2007
           Westbury, New York

                                Yours, etc.
                                STEVEN J. BAUM, P.C.
                                Attorneys for Secured Creditor
                                DAUTSCHE BANK TRUSTE COMPANY
                                AMERICA'S F/K/A BANKERS TRUSTE COMPANY,
                                AS TRUSTEE c/o HOMECOMING FINANCIAL, LLC

                                    /s/ Dennis Jose, Esq.
                  By:   _____
                                Dennis Jose, Esq.
                                Office and Post Address:
                                220 Northpointe Parkway, Suite G
                                Amherst, NY 14228
                                Telephone (716) 204-2400