UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____

In Re:

EILEEN FAGAN

                  Debtor.

Case No.: 04-23460
(Chapter 13)

Assigned to:
Hon. ADLAI S. HARDIN
Bankruptcy Judge

_____

## <u>SUPPLIMENTAL REPLY AFFIRTMATION IN SUPPORT OF SECURED CREDITOR'S MOTION TO TERMINATE THE AUTOMATIC STAY</u>

Dennis Jose, Esq., being duly sworn deposes and says:

1.      I am an attorney licensed to practice law in the courts of this State and in the United States Bankruptcy Court for the Southern District of New York.  I am regularly associated with Steven J. Baum, PC, attorney(s) for DEUTSCHE BANK TRUST COMPANY AMERICA'S F/K/A BANKERS TRUST COMPANY, AS TRUSTEE c/o HOMECOMING FINANCIAL, LLC ( the "Secured Creditor") a Secured Creditor to the above-captioned debtor, Eileen Fagan (the "Debtor").

### <u>STANDING</u>

2.      The Secured Creditor derives its standing by being a holder by assignment of a Mortgage dated October 9, 2001 secured by real property commonly known as 16 Brewster Ave, Stony Point, NY 10980 (the "Premises"), of which the above-captioned Debtor is the record owner.

### <u>BACKGROUND</u>

3.      The instant Supplemental Reply Affirmation is submitted in response to the Debtor's opposition (the "Opposition") to the Secured Creditor's motion (the "Motion") dated June 1, 2007 seeking relief from the automatic stay.  The Secured Creditor hereby reaffirms its representations in its reply affirmation dated June 13, 2007 to the extent that they have not been modified herein, and further states as follows:

# III. ARGUMENT

A)    <u>As of the date of filing of the Motion for relief, as per the Secured Creditor's records, the Debtor was due for the Months of April, 2007 though May 2007</u>

      4.    The Secured Creditor filed its Motion on June 1, 2007. In said Motion, supported by an Affidavit from a representative of the Secured Creditor, it was represented that the Debtor was due for the months of <u>February 2007 through May 2007</u>.

      5.    This law firm has reviewed the referral that it received from the Secured Creditor prior to the preparing of the Motion. It has come to light that the referral provided to this law firm stated that the Debtor was due for the months of April 2007 through May 2007. However, the referral also provided that the Debtor was contractually due for the month of February 2007. Attached hereto as **"Exhibit A"** is a copy of the referral received from the Secured Creditor. Highlighted portions of the referral show where it indicates the post-petition dues of the Debtor.

      **6.**    **This Law Firm regrettably concedes that during the preparation of the Motion for Relief from Stay and the Bank Affidavit, it erroneously represented that the Debtor was due for the months of <u>February through May of 2007</u> when in fact the Debtor was due for the months of <u>April through May of 2007</u>.**

      7.    Therefore, as per the records of the Secured Creditor, when the Motion for Relief was filed on June 1, 2007, the Debtor was delinquent with her post-petition mortgage obligations and due for the months of April 2007 through May 2007.

B.    <u>The payment history maintained by the Secured Creditor shows that the Debtor was indeed due for the Month of April 2007 through May of 2007.</u>

      8.    Attached hereto as **"Exhibit B"** is a copy of the payment history maintained by the Secured Creditor that is also part of the Court's record as Court Exhibit 1. Attached hereto as **"Exhibit C"** is a copy of the

most recent payment history received from the Secured Creditor which is merely an update on Exhibit B.

9.      Upon review of the above payment histories, it is clear that as of the filing of the Secured Creditor's Motion, the Debtor was due for the Month of April 2007 with $4,021.30 in her suspense account.

C)  The Debtor seems to have been making erratic payments despite being notified of payment changes.

10.      Attached hereto as **"Exhibit D"** are copies of change of payment notices on account of interest rate changes sent to the Debtor and relevant escrow analysis statements.  Highlighted within each notice is the changed/updated payment amount. The updated mortgage payments and the date they took effect can be accurately tabulated as follows:

| Updated Payment | Effective Month | Proof of Notice Attached |
| --- | --- | --- |
| $3161.56 | December 2004 | Notice advising of Interest rate and escrow analysis |
| $3366.51 | July 2005 | Notice advising of interest rate and escrow analysis |
| $3501.49 | September 2005 | Escrow Analysis Statement |
| $3709.17 | December 2005 | **None** |
| $3919.14 | June 2006 | Notice advising of interest rate and escrow analysis |
| $3967.35 | September 2006 | Escrow Analysis |
| $4020.03 | December 2006 | Notice advising of interest rate and escrow analysis |

11.      It is the Secured Creditor's business practice to supply the Debtor with notice of payment changes and periodic escrow analysis statements.  To the extent that notices of payment changes for certain months are missing in the above tabulation, the Secured Creditor is in the process of researching and obtaining copies of them.

12.      As is shown in the payment histories provided, the Debtor has periodically been behind the curve as to her mortgage payments.  She made deficient mortgage payments for the following months:

12/13/2004
1/18/2005
02/22/2005
03/28/2005
04/27/2005

05/27/2005
01/23/2006
02/27/2006

13.     Furthermore, the Debtor seems to **<u>have not</u>** remitted payments in the following months

11/2007
05/2007

14.     It is respectfully submitted that the combination of periodic short payments and infrequent missed payments contributed to dues for the months of April through May 2007 with a suspense balance of $4,021.30. The propriety of maintaining suspense accounts was addressed in the Secured Creditor's earlier Reply and the Secured Creditor stands by those assertions.

D)     <u>The Debtor is at present current with her mortgage payments and the Secured Creditor desires to withdraw its Motion for Relief on account of pending litigation commenced by the Debtor</u>.

15.     As per the most recent information received from the Secured Creditor, the Debtor has paid monies subsequent to the filing of the Motion that would bring her post-petition current.   Furthermore, since the filing of the Motion for Relief, the Debtor has commenced an adversary proceeding with the Secured Creditor as the defendant and alleging the following sixteen counts for relief:

Failure to Comply with Sections 2605 of Title 12, USC
Breach of Duty
Conversion
Defamation
Illegal Collection Practices
Violations of the Fair Credit Reporting Act
Breach of Contract
Unconsionability
Violations of RESPA
Violations of TILA
Intentional Misrepresentation
Negligence/Negligent Servicing
Breach of Fiduciary Duty
Unjust Enrichment
Declaratory and Injunctive Relief
Infliction of Emotional Distress

16.     Attached hereto as **"Exhibit E"** is a copy of the Debtor's adversary complaint.  It is respectfully submitted that in the context of the above clarifications of the circumstances surrounding the filing of the Motion, the allegations contained therein, the fact that the Debtor has subsequently come current with her post-petition mortgage obligations, and the fact that the Debtor has commenced an adversary proceeding stemming in part from motions by the Secured Creditor, the instant Motion should be marked as withdrawn.  Furthermore, the parties will litigate the issue in detail within the context of an Adversary Proceeding.  In the context of the Adversary Proceeding, the instant motion proceeding would be a duplicate litigation of the allegations in the adversary complaint.

**WHEREFORE**, Secured Creditor respectfully requests a finding that  its Motion for Relief dated June 1, 2007 was filed in good faith and said Motion be marked as withdrawn with the parties to litigate the issued raised by the Debtor in her opposition in detail within the confines of the now pending Adversary Proceeding.

DATED:     August 31, 2007
           Westbury, New York

                                        Yours, etc.
                                        STEVEN J. BAUM, P.C.
                                        Attorneys for Secured Creditor
                                        DEUTSCHE BANK TRUST COMPANY AMERICA'S
                                        F/K/A BANKERS TRUST COMPANY, AS TRUSTEE
                                        c/o HOMECOMING FINANCIAL, LLC

                                               /s/ Dennis Jose, Esq.
                                        By:    _____
                                        Dennis Jose, Esq.
                                        Office and Post Address:
                                        220 Northpointe Parkway, Suite G
                                        Amherst, NY 14228
                                        Telephone (716) 204-2400